FILED
 2012 Apr-27  PM 04:00
     U.S. DISTRICT COURT
        N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PAULA RENEE RICHARDS,** )<br>)<br>**Claimant,** )<br>)<br>vs. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner, Social Security** )<br>**Administration,** )<br>)<br>**Defendant.** )<br>) | Case No. CV-11-S-2805-S |

**MEMORANDUM OPINION AND ORDER**

Claimant, Paula Renee Richards, commenced this action on August 9, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Claimant's brief is a smattering of cursory, underdeveloped arguments, some of which consist of no more than a single sentence or short paragraph.[1] Specifically, claimant asserts that the ALJ: (1) incorrectly stated that her date last insured was March 31, 2011, when it actually was September 30, 2011; (2) "unilaterally determined an RFC for the full range of work . . . absent any development of the record";[2] (3) made a residual functional capacity finding that was not based upon substantial evidence because there was no Medical Source Opinion in the record; (4) failed to address claimant's manipulative and upper body impairments; and (5) improperly characterized claimant's past relevant work as an escort driver as "sedentary." All of these arguments amount to little more than claimant's disagreement with the ALJ's residual

---

[1] Indeed, claimant offers no less than five separate legal arguments over a span of three pages. Claimant's counsel is cautioned that future briefs before this court should be more carefully and thoughtfully drafted, and that the court may choose to disregard arguments that are not fully developed or bolstered with legal authority. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument") (citing *Flanigan's Enterprises, Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that "fail[ure] to elaborate or provide any citation of authority in support [of an argument]" results in waiver)). *See also Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it").

[2] Doc. no. 8 (claimant's brief), at 10.

2

functional capacity finding,[3] but the court will address each argument in turn, for the sake of completeness.

It is undisputed that the ALJ incorrectly stated claimant's date last insured as being March 31, 2011,[4] when the correct date actually is September 30, 2011.[5]  Even so, there is no indication that this error was anything but harmless.  There is no medical evidence in the record dating after March 31, 2011, and plaintiff does not assert that any such evidence exists.  Thus, it appears that, even if the ALJ had considered claimant's disability status through September 30, 2011, instead of through March 31, 2011, the result would not have changed.

Claimant's next two contentions — that the ALJ "unilaterally determined" her residual functional capacity, and that he erred by failing to require a Medical Source Opinion from a treating source, or to order a consultative examination — can be considered together.  As an initial matter, it is the ALJ's responsibility to determine a claimant's residual functional capacity.  *See* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals

---

[3] *Id.* at 12 ("The medical objective and clinical evidence establishes at the very least a more restrictive RFC than determined by the ALJ.").

[4] *See* Tr. 16, 18 (ALJ's decision, stating that the date last insured was March 31, 2011).

[5] *See* Tr. 105 (disability paperwork demonstrating that the date last insured was September 30, 2011).  *See also* doc. no. 9 (Commissioner's brief), at 9-10 (arguing that the ALJ's error in stating claimant's date last insured was harmless, but never disputing the error itself).

Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."). *See also Robinson v. Astrue,* 365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."). The ALJ was not required to obtain a residual functional capacity evaluation from any treating or non-treating source. It is true that the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision, even in the absence of a Medical Source Opinion form by a treating physician, and the ALJ was not required to order an additional residual functional capacity evaluation.

Claimant's fourth argument — that the ALJ failed to address her manipulative and other upper body impairments — simply is not supported by the record. The ALJ discussed Dr. Craig's assessment of carpel tunnel syndrome, and he found both right shoulder impingement and carpal tunnel syndrome to be severe impairments.[6] He also discussed claimant's hearing testimony that she had pain in her neck and arms, and was unable to write or hold objects for a long period.[7] All of the ALJ's summaries of the records from claimant's treating physicians include discussion of claimant's cervical spine impairments. Based on all of these discussions, it simply cannot be said that the ALJ failed to address claimant's upper body impairments. If claimant actually intended to argue that the ALJ should have included additional non-exertional limitations in his residual functional capacity finding, she did not develop that argument by citation to legal authority, or to the medical evidence of record.

Claimant's final assertion — that the ALJ improperly characterized her past relevant work as an escort driver as "sedentary" work — is similarly undeveloped. The entire argument consists of this sentence: "The characterization of escort driver as sedentary when this job necessarily involves the use of foot controls taking the classification to light (20 CFR 404.1567), and the ALJ's assertion that she could

---

[6] Tr. 18-19.
[7] Tr. 20.

return to this work also constitutes error."[8]  Even if the ALJ did improperly characterize the escort driver job as sedentary work, claimant does not explain how that error warrants reversal of the ALJ's decision.  The ALJ also found that claimant could perform her other past relevant work as a customer service representative and a receptionist.  Thus, any error in the ALJ's characterization of the escort driver job was harmless.[9]

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 27th day of April, 2012.

_____
United States District Judge

---

[8] Claimant's brief, at 12.

[9] The court need not decide whether the ALJ's characterization of the escort driver job as sedentary actually was erroneous, as any error that may have been committed was harmless.